UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV1932HEA |
| | ) |
| PROFESSIONAL AIR | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaims, [Doc. No. 29]. Defendant opposes the Motions. For the reasons set forth below, the Motion is granted.

## Facts and Background[1]

Plaintiff's Complaint alleges the following facts:

Plaintiff was the owner of a Learjet model 55 Aircraft, Manufacturer's Serial Number 55-048, U.S. Registration Number N831JP with two (2) Garrett/Honeywell engines, model: TFE731-3A-2B, S/N's P85170 & P85148 (collectively, the "Learjet"), and all log books, records and other materials

---

[1] The recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of this motion only. The recitation in no way relieves the parties of the necessary proof of facts in later proceedings.

1

required by the Federal Aviation Administration ("FAA") for the operation of the aircraft (the "Aircraft Records" and collectively referred to with the Learjet as the "Aircraft").

On March 4, 2009, Plaintiff and Defendant executed a Domestic Aircraft Lease with Purchase Option wherein Plaintiff agreed to lease the Aircraft to Defendant for a period of sixty (60) months, commencing with the receipt of delivery of the Aircraft. Pursuant to Paragraph 3 of the Aircraft Lease, basic rent was due to be paid by Defendant to Plaintiff on a monthly basis in accordance with the Payment Schedule Annex 1 attached to the Aircraft Lease.

Pursuant to Paragraphs 6 and 11 of the Aircraft Lease, Defendant was responsible for all repairs and maintenance of the Aircraft. Pursuant to Paragraph 14 of the Aircraft Lease, Defendant agreed, among other things, not to allow any lien or encumbrance to be placed on the Aircraft and to promptly, at Defendant's sole cost, discharge any such lien or encumbrance if such arose at any time.

Paragraph 9b of the Aircraft Lease provides that, "upon termination of this Lease, by lapse of time or otherwise, [Defendant], at its sole cost and expense, shall return the Aircraft to [Plaintiff] by delivery of the same to [Plaintiff] at any reasonable location in the Continental United States, chosen by [Plaintiff];

provided it is equidistant from the last stop, at lease termination, to Spirit of St. Louis Airport, St. Louis, MO, U.S.A., as it is from its point of delivery . . . ."

Paragraphs 9 and 11 of the Aircraft Lease provide that Defendant is responsible for maintaining the Learjet in good operating condition and to "deliver the Aircraft free of any defects or deficiencies not otherwise present (and itemized to [Plaintiff] in writing) at initial delivery; all systems shall be operational and the Aircraft shall be completely airworthy in accord with all manufacturer's requirements."

After multiple defaults under the Aircraft Lease, Plaintiff sent Defendant a Notice of Default and opportunity to cure pursuant to the Aircraft Lease on August 26, 2013 (the "Notice of Default"). Defendant failed to cure its defaults under the Aircraft Lease. On September 13, 2013, Plaintiff sent Defendant a notice terminating its right to possession of the Aircraft and a Notice of Acceleration of all amounts due under the Aircraft Lease and demanded the return of the Aircraft, including all log books, records, and other materials required by the FAA. To date, Defendant has failed to return the Aircraft to Plaintiff.

Plaintiff understands that the Learjet is located at Southern Skies Jet Services, LLC ("SSJS") at the Fort Lauderdale Executive Airport in Florida and that SSJS is claiming a lien in the approximate amount of $189,216.81 for parts,

labor and storage charges and estimates that another $100,000 is necessary to make the Learjet airworthy. Plaintiff is unaware of the location of the Aircraft Records.

SSJS informed Plaintiff that it had scheduled an auction of the Learjet for September 27, 2013 to satisfy the amount of its lien associated with its repairs and storage of the Learjet, but it recently continued this auction to be reset on a future date.

As of September 26, 2013, the amount due and owing to Plaintiff under the Aircraft Lease is $1,171,906.47, which represents unpaid principal in the amount of $1,096,688.32, accrued, but unpaid interest, in the amount of $72,162.91, and late fees in the amount of $3,055.24. Interest continues to accrue at the per diem rate of $251.32 until paid.

Pursuant to the Aircraft Lease, Plaintiff claims it is entitled to recover from Defendant all fees and costs associated with (a) obtaining possession of the Aircraft, (b) returning the Aircraft to an airworthy condition, (c) warehousing, storing, and transporting the Aircraft, and (d) satisfying any liens encumbering the Aircraft including the lien of SSJS for storage and repairs. The Aircraft Lease also provides that Defendant shall pay Plaintiff "all costs and expenses of taking and storing the Aircraft, and attorneys' fees, court costs, legal expenses and other costs and expenses incurred by [Plaintiff] in exercising any of its rights or remedies

hereunder or enforcing any of the terms, conditions or provisions hereof or otherwise arising out of or in connection with any Event of Default."

Plaintiff believes Defendant or its agents remain in possession of the Aircraft Records. Plaintiff has demanded that Defendant return the Aircraft Records, but Defendant has failed and refused to do so.

Paragraph 9b of the Aircraft Lease provides that, "upon termination of this Lease, by lapse of time or otherwise, [Defendant], at its sole cost and expense, shall return the Aircraft to [Plaintiff] by delivery of the same to [Plaintiff] at any reasonable location in the Continental United States, chosen by [Plaintiff]; provided it is equidistant from the last stop, at lease termination, to Spirit of St. Louis Airport, St. Louis, MO, U.S.A., as it is from its point of delivery . . . ." This requirement includes the return of the Aircraft Records.

Defendant filed an Answer and Counterclaim. The Counterclaim alleges the following:

Plaintiff delivered the Aircraft with the improper belly bladder fuel cell installed, and without notifying Defendant that the improper belly bladder had been installed. Subsequently, when attempting to fill the belly bladder fuel cell of the Aircraft with fuel, the fuel cell began leaking. Defendant was forced to have

the belly bladder fuel cell removed, the Aircraft repaired and a new correct belly bladder fuel cell installed at its expense.

The Counterclaim states a claim for rescission for fraud based on a material representation to Defendant that the Aircraft was airworthy. Defendant claims this representation was false because the incorrect belly bladder fuel cell had been installed and rendered the Aircraft unairworthy. Defendant alleges Plaintiff knew or should have known this representation was false because in the twelve months leading up to the lease, Plaintiff had the opportunity to discover the incorrect belly bladder fuel cell had been installed by inspecting the Aircraft and its records.

Defendant also seeks rescission for mutual mistake in Count II of its Counterclaim. Defendant alleges that Plaintiff was of the mistaken belief that the Aircraft was airworthy and that Defendant relied on Plaintiff's misrepresentation.

Plaintiff moves to dismiss Defendant's Counterclaim.

Discussion

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft *v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of its allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008) (citing *Twombly,* 550 U.S. at 555 & n. 3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

Claims of fraud have a heightened pleading standard. The Federal Rules of Civil Procedure require a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). *See also Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir.2001). Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain "a higher degree of notice, enabling the defendant to respond specifically,

at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." *Id.* Thus, a party must plead "'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Id.* (*quoting Bennett v. Burg,* 685 F.2d 1053, 1062 (8th Cir.), *adhered to on reh'g,* 710 F.2d 1361 (8th Cir.1982) (en banc)). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. v. Quality Inns,* 61 F.3d 639, 644 (8th Cir.1995). *See also Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, (8th Cir.2002).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly,* 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id;* Fed.R.Civ.P. 8(a)(2).

*Fraudulent Misrepresentation*

The elements of fraudulent misrepresentation are: a representation; its falsity; its materiality; the speaker's knowledge of its falsity or ignorance of its truth; the intention of the speaker that it should be acted on by the person in the manner reasonably contemplated; the hearer's ignorance of the falsity of the

representation; reliance on the representation being true; the hearer's right to rely on the representation; and injury that is consequently and proximately caused thereby. *Freitas,* 703 F.3d at 438-39.

Plaintiff argues that Defendant has failed to plead the alleged fraud with particularity. Defendant counters that Rule 9(b) is a flexible standard which must be harmonized with Rule 8(a)'s demand for a short and plain statement of the claims.

In the Eighth Circuit, Rule 9(b)'s heightened pleading standard requires more than mere notice. "'[R]ule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Id*, quoting, *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). The Court agrees with Plaintiff that the particularity requirement of Rule 9(b) has not been met. Defendant fails to set out who allegedly made the misrepresentation, when or where it was made, to whom it was made, how it was made, or the basis for Defendant's position that Plaintiff mistakenly believed the Aircraft was airworthy. Because Defendant has failed to plead the alleged misrepresentation with the particularity required of Rule 9(b), the motion to dismiss the Counterclaim will be granted.

**Conclusion**

Based upon the foregoing analysis, the Court finds that Defendant's Counterclaim fails to satisfy the pleading requirements to state its claims. Under the applicable pleading standards, the Motion to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, [Doc. No. 29], is granted.

**IT IS FURTHER ORDERED** that Defendant will be given 14 days to file an Amended Counterclaim.

Dated this 11th day of July, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE